UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MERIDIAN HOLDING GROUP, LLC, a Mississippi limited liability company.<br><br>    Plaintiff,<br><br>v.<br><br>ASSURANCE MEZZANINE FUND III, L.P., a Delaware limited partnership,<br><br>    Defendant. | Civil Action No.  6:20-cv-00595 |

**PLAINTIFF'S EMERGENCY MOTION TO SEAL EXHIBIT A TO DECLARATION OF ROBERT MANNERS IN SUPPORT OF PLAINTIFF'S VERIFIED COMPLAINT AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

    Plaintiff, Meridian Holding Group, LLC, pursuant to Local Rule 1.09, moves this court for an order sealing a confidential Note and Warrant Purchase Agreement referenced as Exhibit A to the Declaration of Robert Manners in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  This is filed as an "emergency" motion because it supports the filing of the confidential agreement under seal and the court must consider the agreement in deciding Plaintiff's Emergency Motion for a Temporary Restraining Order.

**(i)  Identification of the Item to be Sealed.**  The item to be sealed is Exhibit A to the Declaration of Mr. Manners, the 100% owner of Plaintiff, filed in support of the Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. Exhibit A is the Note and Warrant Purchase Agreement dated June 28, 2019 between Defendant and Webster Holding Group, LLC, Webster Electric Co., Inc. and WEBCO Leasing & Supply LLC (collectively the "Webster Companies").

**(ii) The Reason that Filing this Item is Necessary.**  The Note and Warrant Purchase Agreement must be filed of necessity because it is the Contract document that Defendant used to claim defaults and to try to wrest ownership and control of the Webster Companies from Plaintiff and Mr. Manners. The Note and Warrant Purchase Agreement is an essential element of proof of Plaintiff's claims and Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

**(iii) The Reason That Sealing this Item is Necessary.**  The Note and Warrant Purchase Agreement contains a Confidentiality provision that states, in pertinent part:

> 12.16 Confidentiality. This [sic] existence and terms of this Agreement shall remain confidential and shall not be disclosed by either party except to employees and advisors who need to know the contents of this Agreement for purposes of fulfilling their responsibilities, the members of the Company and except as required by applicable law or other legal process or required by any Governmental Authority….

Plaintiff cannot file the Note and Warrant Purchase Agreement without being in jeopardy of Defendant claiming that Plaintiff has breached this Confidentiality obligation.

**(iv) The Reason that a Means other than Sealing is Unavailable or Unsatisfactory.**

Plaintiff knows of no other means to get the necessary proof before the court at this initial filing of pleadings and Motion for Temporary Restraining Order and Preliminary Injunction stage without the risk of being liable for breach of the confidentiality obligation.

**(v) The Proposed Duration of the Seal.**  The proposed duration of the seal is for a period of one year. During that year, Plaintiff intends to seek an extension of the seal if the Confidentiality issue cannot otherwise be resolved by the parties during the litigation.

**(vi) Memorandum of Law Supporting the Seal.**

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Rule 5.2(d) Fed. R. Civ. P. expressly grants courts with this authority and discretion. Local Rule 1.09 lays out the specific requirements a party must meet in requesting that an item be sealed. Decisions on motions to seal must balance the public's common law right of access to court proceedings against the interests favoring confidentiality. *See id.* at 597-99.

The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311-13 (11th Cir. 2001) (*per curiam*). The "good cause" standard requires the trial court to "balance the respective interests." *Id.* at 1313. Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir.1987). Whether good cause exists depends on the nature and character of the information in question. *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.* (citations omitted). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. *See Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir.1983). The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a

balancing of interests. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC,* No. 3:10–CV–978–J–37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov.1, 2011).

Good cause exists in this case because the duty to protect the confidentiality of the Note and Warrant Purchase Agreement outweighs the competing interest of the public to know the contents of this private party contract. As a party to the Agreement, Defendant also has the Note and Warrant Purchase Agreement and will not be prejudiced by it being filed under seal. Plaintiff would be prejudiced by either being forced to not file the Agreement, in order to protect its confidentiality or to file it and be subject to a claim of breach of the confidentiality provision.

Dated:  April 8, 2020

By: /s/ *G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr., FBN 0371319
Lewis J. Conwell, FBN 813450
**CONWELL BUSINESS LAW, LLLP**
12610 Race Track Road, Suite 200
Tampa, FL 33626
Tel. (813) 282-8000
dconwell@ConwellBusinessLaw.com
lconwell@ConwellBusinessLaw.com
eservice@ConwellBusinessLaw.com

Attorneys *for Plaintiff MERIDIAN HOLDING GROUP, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April 2020, a true and correct copy of the above and foregoing has been filed using the Court's CM/ECF system which will send an Electronic Mail notification of same to counsel of record.