**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MERIDIAN HOLDING GROUP, LLC,**

**Plaintiff,**

**v.** **Case No: 6:20-cv-595-Orl-78DCI**

**ASSURANCE MEZZANINE FUND III, L.P.,**

**Defendant.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Emergency Motion to Seal Exhibit A to Declaration of Robert Manners in Support of Plaintiff's Verified Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6)** |
| **FILED:** | **April 8, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On April 7, 2020, Plaintiff filed a Complaint asserting four counts concerning Defendant's alleged sale and transfer of Plaintiff's ownership interest in Webster Real Estate Holding Group, LLC and Webster Holding Group, LLC (collectively, Webster Holdings). Doc. 1. Underlying the action is Defendant's financing of Plaintiff's purchase of Webster Holdings through a Note and Warrant Purchase Agreement dated June 28, 2019 (the Note and Warrant Agreement). *Id*. at 1-2.

As Plaintiff re-alleges paragraphs 1-29 in all four counts in the Complaint,[1] the Note and Warrant Agreement (which is referenced repeatedly in those paragraphs) is at issue in each count. The Note and Warrant Agreement is also explicitly addressed in count four. *Id*. at 24.

On April 8, 2020, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Doc. 5. At the same time, Plaintiff filed an "Emergency Motion to Seal Exhibit A to Declaration of Robert Manners in Support of Plaintiff's Verified Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Doc. 6 (the Motion to Seal). In the Motion to Seal, Plaintiff references Local Rule 1.09 and states that sealing is necessary because the Note and Warrant Agreement contains a confidentiality provision and "Plaintiff cannot file the Note and Warrant Purchase Agreement without being in jeopardy of Defendant claiming that Plaintiff has breached this Confidentiality obligation." Doc. 6 at 2. Indeed, Plaintiff quotes that confidential confidentiality provision in the Motion:

> 12.16 Confidentiality. This [sic] existence and terms of this Agreement shall remain confidential and shall not be disclosed by either party except to employees and advisors who need to know the contents of this Agreement for purposes of fulfilling their responsibilities, the members of the Company and except as required by applicable law or other legal process or required by any Governmental Authority….

*Id*. Other than citation to Local Rule 1.09, Plaintiff provides no memorandum of legal authority in support of the Motion to Seal – a requirement of both Local Rule 1.09(a)(vi) and 3.01(a).

Filing documents under seal with the Court is governed by Local Rule 1.09, which provides as follows:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to

[1] The Court may address at a later time whether the Complaint is an impermissible shotgun pleading.

> preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant this section shall state the particular reason the seal is required.

Local Rule 1.09(a). Unless good cause is shown, no order sealing any document may extend longer than one year. Local Rule 1.09(c).

In deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted). With that said, the "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit explained good cause as follows:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

> whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Motion to Seal is due to be denied because Plaintiff failed to provide a memorandum of law in support of the Motion and, regardless, failed demonstrate that the exhibit at issue – the Note and Warrant Agreement – should be sealed pursuant to Local Rule 1.09 and the Eleventh Circuit's standard for filing records under seal. *See Rosenthal*, 763 F.2d at 1293; *Romero*, 480 F.3d at 1245-46. Plaintiff states that it moves for sealing to comply with the confidentiality provision of the Note and Warrant Agreement, but that assertion, standing alone, is not a basis to seal documents within the public record. An agreement to seal records will not automatically result in the sealing of records. *Wilson*, 759 F.2d at 1571 (finding that parties do not have the right to agree on what judicial records should be sealed).

Regardless, the Court is unconvinced that good cause exists to seal the exhibit at issue. There is a "presumptive common law right to inspect and copy judicial records," *Rosenthal*, 763 F.2d at 1292-93, which "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co.*, 263 F.3d at 1311. Here, Plaintiff seeks to preempt that common law right through the sealing of portions of this Court's docket because, at base, private parties have entered into a confidentiality agreement. Further, the Court is not convinced that a less onerous alternative to sealing the exhibits is unavailable. Similarly, while the Court may agree that confidential commercial information, as a general matter, could sometimes be appropriately subject to a sealing order, it does not necessarily follow that the protection of such interests requires a complete sealing of the exhibit at issue. Further, the Court finds that the general interests discussed in the Motion to Seal do not outweigh the public's common law right to open proceedings. In addition, there is no indication that allowing access to the exhibit would impair court functions. And while this

action may not involve public figures, federal litigation such as this is a matter of public concern. Motions such as the one before the Court, if granted, create holes in the tapestry of the common law, weakening the public's understanding of the judicial process and the value of judicial decisions, neither of which can be understood fully if the public docket is marred regularly by redactions and sealed documents.

Finally, the Court notes that the confidentiality provision itself purports to protect the "existence and terms of" the Note and Warrant Agreement. This litigation has already revealed its existence and many of its terms, thus it is questionable what – if anything – remains confidential, or how that remainder would weigh against the public's interest already discussed. Further, the confidentiality provision contains an exception to confidentiality "as required by applicable law or other legal process or required by any Governmental Authority." This Court's order – which will require disclosure – certainly opens that exception.

The Motion to Seal (Doc. 6) is **DENIED**. Plaintiff is directed to immediately file the Note and Warrant Agreement on the public docket.

**ORDERED** in Orlando, Florida on April 9, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties